ADA DUFFY v. CHARLES DUFFY.

*Divorce A Vinculo Matrimonii—Alimony.*

Upon the granting of an absolute divorce, all rights arising out of the marriage cease and determine (*Code*, Section 1295), and hence the Court has no power in such case to allow permanent alimony.

ACTION for divorce, tried before *Hoke, J.*, and a jury, at January Special Term, 1897, of FORSYTH Superior Court.

Upon a finding by the jury that defendant had, prior to March 13, 1895, abandoned and lived separate and apart from plaintiff for two consecutive years, an absolute divorce was granted the plaintiff, who, thereupon, moved for an allowance for her future support. His Honor denied the motion on the ground that the court had no power to make such allowance and plaintiff appealed.

*Mr. A. E. Holton*, for plaintiff (appellant).
*Mr. J. S. Grogan*, for defendant.

FAIRCLOTH, C. J.: The plaintiff sued for and obtained a judgment "that the bonds of matrimony between plaintiff and defendant be dissolved as to this plaintiff." The plaintiff then moved for an order and judgment for an allowance by the month or in gross for her future support. His Honor held, as a matter of law, that he had no power to make an order for future support of the plaintiff. This is the only question before us in this appeal, and there was no error in his Honor's conclusion.

At common law, where a divorce a *vinculo matrimonii* was granted, no allowance for the future support of the wife was given, and we have no Statute in this State allowing it. An allowance for her benefit *pendente lite* or in case of separation from bed and board is authorized and regu-

lated by *The Code*, Chapter 29. ·Section 1295 of that Chapter says when an absolute divorce is decreed, "all rights arising out of the marriage shall cease and determine, and either party may marry again."

, Affirmed.