SAMUEL H. HOBBS v. EFFIE HARRISON HOBBS,
and
EFFIE HARRISON HOBBS v. SAMUEL H. HOBBS.

(Filed 7 November, 1940.)

1. **Appeal and Error § 31f—**

   Appellee's motion to dismiss the appeal will be allowed when the record contains no assignment of error, Rules of Practice in the Supreme Court, No. 19, sec. 3.

2. **Divorce § 10—Decree of absolute divorce terminates all rights arising out of marriage, including right to alimony.**

   The husband's action for divorce on the ground of two years separation was consolidated for trial with the wife's subsequent action for alimony without divorce, C. S., 1667. The decree of divorce was granted in the first action and judgment entered against the wife in the second action upon the verdict of the jury, and the wife appealed in both actions. *Held:* The decree of absolute divorce terminates all the rights arising out of marriage, including the right to alimony, and upon dismissal of the appeal from the judgment of divorce, the judgment in the action for alimony will be affirmed.

APPEAL by Effie Harrison Hobbs from *Parker, J.,* at March Term, 1940, of SAMPSON.

---

HOBBS *v.* HOBBS.

---

Two civil actions, for divorce and for alimony without divorce, respectively.

In the first action instituted 29 June, 1939, by Samuel H. Hobbs for absolute divorce on the ground of two years separation, the defendant, Effie Harrison Hobbs, in her answer set up a further defense and cross action for alimony without divorce and for an allowance for counsel fees, on the ground of abandonment and failure to support. Plaintiff denied these averments.

In the second action, instituted 27 February, 1940, by Effie Harrison Hobbs for alimony without divorce on the ground that her husband had offered such indignities to her person as to render her condition intolerable and life burdensome. The defendant, in his answer, denies that such ground exists.

Upon the trial below the two cases were consolidated and tried together, separate issues in each case being submitted to the jury. In the first case the jury answered the issues as to residence, marriage and separation in the affirmative. But in answer to the fourth issue, the jury found that the separation was not caused by "plaintiff willfully abandoning his wife without providing adequate support" for her. From judgment thereon defendant appeals to Supreme Court.

In the second action, the jury answered the issue as to marriage in the affirmative. But as to the second and third issues, the jury answered that defendant, Samuel H. Hobbs, did not offer such indignities to the person of his wife, the plaintiff, as to render her condition intolerable and life burdensome, and that he did not separate himself from his wife and fail to provide her with necessary subsistence. From judgment thereon, the plaintiff appealed to Supreme Court, and assigns error.

*J. D. Johnson, Jr., and P. D. Herring for plaintiff, appellee.*
*Butler & Butler and E. C. Robinson for defendant, appellant.*

PER CURIAM. In the action instituted by Samuel·H. Hobbs, he moves to dismiss the appeal for that the record contains no assignment of error. The motion is allowed. Rule 19, sec. 3, of the Rules of Practice in the Supreme Court, 200 N. C., 824.

The judgment in the first action, having absolutely divorced the plaintiff and defendant, all rights arising out of the marriage cease, C. S., 1663, including the right to alimony under C. S., 1667. *Duffy v. Duffy,* 120 N. C., 346, 27 S. E., 28. Hence, motion of appellee therein that the appeal be dismissed will be treated as motion to affirm, and as such is allowed.

On appeal in first action—Dismissed.
On appeal in second action—Affirmed.