## J. C. SILVER v. NORA SILVER.

(Filed 15 October, 1941.)

**1. Divorce § 11—**

   In the husband's action for divorce *a vinculo,* the wife's answer denying the allegations stating the husband's grounds for divorce and alleging that the husband had abandoned defendant and the child of the marriage is sufficient to sustain defendant's prayer for alimony *pendente lite* and plaintiff's demurrer thereto on the ground that the cross action did not contain a prayer for divorce *a mensa* is properly overruled.

**2. Divorce § 13—**

   Alimony without divorce under C. S., 1667, may be granted only in an independent suit and cannot be granted upon the wife's cross action filed in the husband's action for divorce.

**3. Divorce § 12—**

Permanent alimony under C. S., 1665, may be allowed only upon decree for divorce *a mensa*, and is erroneously granted in the wife's cross action in which divorce *a mensa* is neither prayed nor decreed.

**4. Divorce § 5—**

In the husband's action for divorce *a vinculo*, the wife's answer setting up a cross action must be verified under C. S., 1661, as a jurisdictional prerequisite, and when the answer is not so verified the granting of permanent alimony is erroneous.

APPEAL by plaintiff from *Phillips, J.,* at March-April Term, 1941, of MITCHELL. Error and remanded.

This is a civil action for divorce *a vinculo*. Plaintiff's cause of action is bottomed on allegations of adultery and two years separation. The defendant filed "answer and complaint for affirmative relief" in which she denied the allegations in the complaint other than that of marriage and in which she sets up a cross action alleging that plaintiff abandoned the defendant. She prays an order granting her an allowance for support for herself and child and for attorney's fees *pendente lite* and for permanent alimony. The cross complaint contains a prayer for general relief but not for divorce *a mensa*.

When the cause came on for trial issues were submitted to and answered by the jury as follows:

"1. Did the plaintiff and the defendant marry, as alleged in the complaint?

"Answer: Yes.

"2. Has the plaintiff been a resident of the State of North Carolina for two years prior to the commencement of this action?

"Answer: Yes.

"3. Did the defendant commit adultery, as alleged in the complaint?

"Answer: No.

"4. Did the plaintiff wrongfully abandon the defendant and the child born to the marriage, Hal Silver, as alleged in the answer?

"Answer: Yes."

Thereupon the court entered its judgment requiring the plaintiff to make stipulated monthly payments for the use and benefit of the defendant and her child and for certain attorneys' fees. No judgment of divorce *a mensa* was entered. The plaintiff excepted and appealed.

*W. C. Berry, Watson & Fouts, and Anglin & Randolph for appellant.*
*McBee & McBee and Charles Hutchins for appellee.*

SILVER *v.* SILVER.

BARNHILL, J.  The plaintiff in this cause entered a demurrer *ore tenus* to the cross complaint for that it fails to state facts sufficient to constitute a cross action.  The demurrer must be overruled.  The facts alleged in the cross action are sufficient to sustain at least defendant's prayer for alimony *pendente lite.*

The judgment below cannot be sustained under C. S., 1667.  This section "only applies to independent suits for alimony" and a decree thereunder cannot be entered in a cross action by a wife in a suit instituted by the husband.  *Dawson v. Dawson,* 211 N. C., 453, 190 S. E., 749, and cases cited; *Adams v. Adams,* 212 N. C., 373, 193 S. E., 274.

The court below was without authority to enter a judgment under C. S., 1665.  Under that section alimony may be allowed, only "when any court adjudges any two married persons divorced from bed and board."  The alimony allowed under this section is incident to and dependent upon a decree of divorce *a mensa.*  As no divorce *a mensa* was granted on the verdict no permanent alimony could be allowed.

There is a further impelling reason why the judgment below must be vacated.  On the record as it appears here defendant's answer is not verified either under C. S., 529, or under C. S., 1661.  This is a jurisdictional prerequisite, and the verification must be under C. S., 1661.  *Ragan v. Ragan,* 212 N. C., 753, 194 S. E., 458; *Clark v. Clark,* 133 N. C., 28.

If the record speaks the truth the defendant may apply for leave to amend.  C. S., 547; *Ragan v. Ragan, supra; Waters v. Waters,* 125 N. C., 590; *Hendon v. R. R.,* 127 N. C., 110; *Robeson v. Hodges,* 105 N. C., 49.  If allowed, the amendment will relate back to the time of the filing of the answer.  *Lefler v. Lane,* 170 N. C., 181, 86 S. E., 1022.  If the prayer for general relief is deemed insufficient to support a decree of divorce *a mensa,* the same rule as to amendment applies.  See, however, *Lipe v. Trust Co.,* 206 N. C., 24, 173 S. E., 316; *Bolich v. Ins. Co.,* 206 N. C., 144, 173 S. E., 320; *McNeill v. Hodges,* 105 N. C., 52; *Presson v. Boone,* 108 N. C., 78.

The decree allowing permanent alimony, not being supported by a judgment of divorce *a mensa,* cannot be sustained.  The cause must be remanded for further proceedings.

Error and remanded.