WILLIE W. JENKINS v. WILLIAM M. JENKINS.

(Filed 12 December, 1945.)

**1. Judgments § 30: Divorce §§ 2a, 17—**

In an action by a husband against his wife, for divorce on the ground of two years separation, in which the wife set up in her answer a separation agreement by which her husband contracted to pay her a certain sum monthly for her support and asked for judgment that she recover according to the terms of such agreement, this plea of the wife being ignored by the court and no judgment rendered therein, though the court

rendered a decree of absolute divorce for the husband, such decree is not *res judicata* in a subsequent action by the wife against the husband based on the agreement.

**2. Divorce §§ 11, 12—**

Alimony in actions for divorce *a vinculo* is not permitted in this jurisdiction, save *pendente lite* or where alimony is prayed in a successful cross action for divorce *a mensa*.

**3. Divorce § 5: Pleadings § 10—**

In an action for absolute divorce a counterclaim or cross action for debt under a separation agreement between the parties is not cognizable by the court.

**4. Judgments § 30—**

The general rule is that a judgment in a civil action constitutes an estoppel upon the parties, in a subsequent action for the same cause, as to all issuable matters contained in the pleadings; but the judgment is conclusive only on the points raised by the pleadings or which might justly be predicated on them, and the rule does not embrace matters not properly introduced and not cognizable in the former action and as to which no judgment was rendered.

APPEAL by defendant from *Alley, J.,* at August Term, 1945, of GUILFORD. Affirmed.

Plaintiff instituted this action to recover sums alleged to be due under a separation agreement between her and the defendant, her former husband.

Plaintiff alleged that while she and defendant were about to separate they entered into a contract wherein it was agreed that plaintiff should have the care and custody of the two children, and that defendant should pay her $60 per month and $10 per month for each child while with her; that after two years had elapsed defendant obtained an absolute divorce on the ground of two years' separation, and thereafter failed and refused to make any payments to her; that one of the children is now in the U. S. Army and defendant is making the required payments for the other. She prayed judgment for past due monthly installments at $60 per month amounting to $540.

Defendant, admitting the material allegations of the complaint, set up the plea of *res judicata* as a defense to the action, and based his plea on the following grounds: That in the divorce action this plaintiff (the defendant there) answered and set up the separation agreement now sued on and asked for judgment that she recover $70 per month according to the terms of the agreement. Upon the verdict in the divorce action on the three issues of (1) marriage, (2) two years' separation and (3) residence, judgment was rendered by Judge Sink granting divorce, and

awarding the custody of the children to the plaintiff herein.  Finding that one of the children was in the U. S. Army and that the defendant herein was responsible for the maintenance of the other child until his twentieth birthday "by reason of the deed of separation set forth in the further answer," it was ordered that defendant herein pay $10 per month for maintenance of the second child.

On the hearing of the present action it was stipulated that jury trial be waived and that, as all the facts appeared in the pleadings and record in this case and in the divorce action, the trial judge should therefrom decide the question of law now raised and determine the rights of the parties.

Under this stipulation, the court held that the facts thus presented were insufficient to support the plea of *res judicata,* and adjudged that plaintiff recover of defendant the amounts due under the contract.  Defendant excepted and appealed.

*Z. H. Howerton for plaintiff.*
*Harry R. Stanley and E. Kermit Hightower for defendant.*

DEVIN, J.  The only question presented by the appeal is the correctness of the ruling below that plaintiff was not estopped to maintain her action on the contract between herself and the defendant set out in the complaint.  The question of the validity of the contract is not presented, and it seems to have been conceded by the defendant that under the decisions of this Court in *Archbell v. Archbell,* 158 N. C., 408, 74 S. E., 327, and *Lentz v. Lentz,* 193 N. C., 742, 138 S. E., 12, the binding effect of the contract between the parties, if otherwise valid, is not affected by the subsequent divorce decree.  The single assignment of error brought forward poses the question whether the plaintiff's answer in the divorce action and the judgment thereon render the subject of her present action *res judicata.*

It is contended that plaintiff's claim for monthly payments under the contract having been set up in the answer and ignored in the judgment in an action between the same parties, this constituted a judicial denial of plaintiff's claim, which now estops her from asserting the same claim in this action.

Since alimony in actions for divorce *a vinculo* is not permitted in this jurisdiction, save *pendente lite,* or where alimony is prayed in a successful cross action for divorce *a mensa,* the answer in the divorce action now relied on by the defendant did not raise an issue.  *Silver v. Silver,* 220 N. C., 191, 16 S. E. (2d), 834; *Hobbs v. Hobbs,* 218 N. C., 468, 11 S. E. (2d), 311; *Adams v. Adams,* 212 N. C., 373, 193 S. E., 274; *Dawson v.*

*Dawson,* 211 N. C., 453, 190 S. E., 749. Nor in an action for absolute divorce was a counterclaim or cross action for debt as set up in the answer cognizable by the court, and the plaintiff in that action (defendant here) by his failure to reply seems to have so regarded it. No judgment was rendered thereon either in affirmance or disallowance of her claim. Whether considered as a claim for alimony or an action for debt no issue was presented which the court could or did adjudicate.

The general rule that a judgment in a civil action constitutes an estoppel upon the parties, in a subsequent action for the same cause, as to all issuable matters contained in the pleadings, has been uniformly upheld by the courts. *Tyler v. Capehart,* 125 N. C., 64, 34 S. E., 108; *Shakespeare v. Land Co.,* 144 N. C., 516, 57 S. E., 213; *Distributing Co. v. Carraway,* 196 N. C., 58, 144 S. E., 535; *Garrett v. Kendrick,* 201 N. C., 388, 160 S. E., 349; *Jefferson v. Sales Corp.,* 220 N. C., 76, 16 S. E. (2d), 462. The reason is that a party should be required to present his whole cause of action at one time in the forum in which the litigation has been duly constituted. *Jefferson v. Sales Corp., supra.* But the judgment is conclusive only on the points raised by the pleadings or which might justly be predicated on them, and the rule does not embrace matters not properly introduced and not cognizable in the former action and as to which no judgment was rendered. *Stancil v. Wilder,* 222 N. C., 706, 24 S. E. (2d), 527.

The ruling of the court below holding the plea of *res judicata* insufficient to bar plaintiff's action for admittedly past due monthly payments under the contract must be

Affirmed.