### W. A. NORMAN v. BESSIE MAE MILLS NORMAN.

(Filed 2 March, 1949.)

**1. Judgments § 27c—**

The remedy against an erroneous judgment is by appeal, and a motion made before another Superior Court judge to set aside an order on the ground that the court was without authority to enter the order, is properly denied.

**2. Divorce § 13—**

Where in the husband's action for divorce *a vinculo,* the wife sets up a cross-action for divorce *a mensa,* the court has the power to make an order for the payment of alimony upon the jury's determination of the issues in favor of the wife.

APPEAL by plaintiff from *Sink, J.,* October Term, 1948, of JACKSON. Affirmed.

*M. V. Higdon and W. R. Francis for plaintiff, appellant.*
*Hugh Monteith for defendant, appellee.*

DEVIN, J. The plaintiff, husband, instituted his action for divorce *a vinculo* on the ground of adultery. G.S. 50-5 (1). The defendant,

wife, answered denying the allegations of adultery, and for affirmative relief set up a cross-action for divorce *a mensa.* G.S. 50-7 (10). The case was tried before Judge Alley and a jury at October Term, 1947, and resulted in a verdict for the defendant, establishing the fact that defendant had not committed adultery, and that plaintiff had willfully abandoned her and failed to provide her support. Judgment was rendered accordingly, and the plaintiff was required to pay alimony.

Thereafter, on 22 May, 1948, plaintiff lodged a motion to set aside the judgment of Judge Alley on the ground that the court was without authority to make an order for the payment of alimony. This motion came on for hearing before Judge Sink at October Term, 1948, and was denied.

Clearly, the plaintiff's remedy against a judgment thought to be erroneous was an appeal to this Court. Judge Sink properly denied the plaintiff's motion. Plaintiff contends, however, that the defendant's cross-action for alimony could not be maintained in the suit which he had instituted, citing *Silver v. Silver,* 220 N.C. 191, 16 S.E. 2d 834. In that case it was held that the wife's cross-action for alimony without divorce under C.S. 1667 (now G.S. 50-16) would not sustain a judgment for permanent alimony. *Ericson v. Ericson,* 226 N.C. 474, 38 S.E. 2d 517; *Adams v. Adams,* 212 N.C. 373, 193 S.E. 274. But here judgment has been rendered on the verdict of the jury for divorce *a mensa,* and the court had the power to make an order for the payment of alimony as incident thereto, as pointed out in the *Silver case. Shore v. Shore,* 220 N.C. 802, 18 S.E. 2d 353; *Jenkins v. Jenkins,* 225 N.C. 681, 36 S.E. 2d 233; *Nall v. Nall,* 229 N.C. 598, 50 S.E. 2d 737.

Judgment affirmed.