## I. J. LIVINGSTON v. ALICE F. LIVINGSTON.

(Filed 30 April, 1952.)

**Divorce and Alimony § 15—**

Pending the husband's suit for absolute divorce on the ground of two years separation a consent judgment was entered awarding the wife a specified sum each month during her natural life or until she remarries. Thereafter decree of absolute divorce was entered. *Held:* The decree of absolute divorce terminated all rights arising out of the marital relationship, including defendant's right to alimony and counsel fees, and defendant may not seek to enforce the consent order as an alimony judgment. G.S. 50-11.

APPEAL by plaintiff from *Hatch, Special Judge,* 9 February, 1952, WAKE.

Civil action for absolute divorce on the grounds of two years separation under G.S. 50-6.

On 23 November, 1945, plaintiff instituted this action by the issuance of summons and the filing of his complaint. The original summons was returned on 24 November, 1945, endorsed as follows: "After due and diligent search the defendant, Alice F. Livingston, is not to be found in Wake County." On 8 January, 1946, plaintiff caused to be issued an *alias* summons, which was personally served upon the defendant on 10 January, 1946.

Plaintiff alleges that on 12 September, 1943, he, at the request and demand of the defendant, separated himself from the defendant with the firm and avowed intention at the time of said separation of remaining separate and apart from her for the balance of his natural life. No answer was filed to the complaint. On 20 March, 1946, a paper writing was executed by plaintiff and defendant signed by Judge W. C. Harris

and filed as a consent order in this case. The said paper·writing provided for the payment to the defendant for her support and maintenance the sum of $80.00 on the first day of each month during her natural life or until she remarries. There was included in said paper writing as a part of the adjudication a provision that the consent order should not be affected by a divorce decree based on the ground of separation.

At the regular April 1946 Term of Wake Superior Court, this action was tried before a jury upon the usual issues, all of which were answered in favor of the plaintiff. Thereupon judgment of absolute divorce was entered dissolving the bonds of matrimony theretofore existing between the plaintiff and the defendant. This judgment made no reference to the consent order.

On 29 January, 1952, defendant served upon plaintiff a written notice directing and notifying him to appear on Saturday, 9 February, 1952, before the Honorable William T. Hatch, Special Judge, in Chambers in Wake County, to show cause for his failure to comply with the order entered on 25 March, 1946. It is assumed that this notice had reference to the consent order entered on 20 March, 1946, although it refers to an order of 25 March, 1946.

Pursuant to said notice the plaintiff appeared and through his counsel contended that the said order was of no force and effect as an alimony judgment and that he was not required to show cause for failure to comply therewith. After arguments of counsel, Judge Hatch signed an order finding as a fact that under the terms of the consent order the plaintiff was in arrears in the payments to defendant in the amount of $240.00. The court further found as a fact that "it is reasonable and proper for the plaintiff to pay to the defendant at this time the sum of $100.00 on account, and pay the sum of $50.00 to Douglass & McMillan, attorneys for the defendant, as attorney fees for the defendant." His Honor then ordered the plaintiff to pay to the defendant $100.00 on account and attorney fees in the amount of $50.00 to defendant's attorneys.

From this order, plaintiff excepted and appealed to the Supreme Court, assigning errors.

*Clem B. Holding for plaintiff, appellant.*
*Douglass & McMillan for defendant, appellee.*

VALENTINE, J. The only question presented by this appeal is the validity of the consent order as an alimony judgment and the allowance of counsel fees based thereon.

In this jurisdiction, both temporary and permanent alimony may be awarded in a proceeding for alimony without divorce prosecuted under authority of G.S. 50-16, or in an action for divorce from bed and board

under G.S. 50-7. In actions for absolute divorce, temporary alimony may be awarded during the pendency of the litigation under G.S. 50-15.

G.S. 50-11 provides, "After a judgment of divorce from the bonds of matrimony, all rights arising out of the marriage shall cease and determine, and either party may marry again unless otherwise provided by law: Provided, . . . that a decree of absolute divorce upon the ground of separation for two successive years as provided in 50-5 or 50-6 shall not impair or destroy the right of the wife to receive alimony under any judgment or decree of the court rendered before the commencement of the proceeding for absolute divorce." *Stanley v. Stanley,* 226 N.C. 129, 37 S.E. 2d 118.

At the threshold of this appeal we are met with the fact that the order upon which the notice to show cause was issued *was not rendered before the commencement of the present action,* but was entered while this suit was pending and is filed as a part of the judgment roll. The defendant did not pursue the statutory authority for the establishment of her rights to collect alimony from her husband, but attempted to secure the same results by the filing of a consent order in her husband's pending suit for absolute divorce. A decree providing for permanent alimony as an outcome of an action for absolute divorce is in violation of public policy and contrary to the statutory laws of North Carolina. *Stanley v. Stanley, supra.*

A dissolution of the bonds of matrimony existing between the plaintiff and the defendant were made absolute and complete by the judgment of the court in this action, and all rights arising out of the marital relationship, including defendant's right to permanent alimony and counsel fees, were thereby completely destroyed. *Duffy v. Duffy,* 120 N.C. 346, 27 S.E. 28; *Hobbs v. Hobbs,* 218 N.C. 468, 11 S.E. 2d 311.

We are, therefore, led to the conclusion that his Honor was without authority to enter the order appealed from, and the judgment below is
     Reversed.