SIDNEY FELDMAN v. CHARLOTTE A. FELDMAN.

(Filed 6 January, 1953.)

**1. Divorce and Alimony § 11—**

Since the wife's right to support after divorce *a vinculo* was unknown to the common law, no right thereto exists unless provided by statute.

**2. Same—**

The only statutory provision permitting alimony after decree of divorce *a vinculo* is provision that decree of divorce on the ground of separation shall not have the effect of impairing or destroying the right of the wife to alimony under any judgment or decree rendered before the commencement of the suit for absolute divorce. G.S. 50-11.

**3. Same—Decree of divorce on ground of separation renders wife's judgment for support ineffective unless entered prior to suit for divorce.**

In the husband's action for divorce on the ground of separation, the wife filed a cross action for divorce *a mensa* and permanent alimony. Pending trial, the parties agreed that the husband should pay a stipulated sum monthly to the wife for her support, which agreement was entered as a consent order in the cause. *Held:* Upon the subsequent decree of absolute divorce in the husband's action, the wife's right to support was relegated solely to the contract, and order striking out the consent judgment without prejudice to the contractual rights and obligations of the parties was properly allowed on the husband's motion, the consent order not having been entered prior to the institution of the action for divorce.

APPEAL by defendant from *Pless, J.,* June Term, 1952, GUILFORD (Greensboro Division). Affirmed.

Civil action for divorce.

Plaintiff instituted this action alleging as his cause of action that he and his wife had lived separate and apart for a period of more than two years. Defendant filed a cross action for divorce *a mensa* and prayed judgment for (1) divorce *a mensa,* (2) alimony *pendente lite,* and (3) permanent alimony.

A consent order allowing alimony *pendente. lite* for defendant and a child of the marriage and counsel fees was entered. Thereafter, the parties agreed upon a settlement of property rights and for the payment of monthly sums by plaintiff for the support of the defendant and the child of the marriage. This agreement was entered as a consent order at the April Term 1947. Thereupon the cause was tried on the cause of action alleged in plaintiff's complaint. The issues were answered in favor of plaintiff and a decree of absolute divorce was entered on the verdict. The judgment recites: ". . . the defendant has withdrawn her cross-action."

At the April Term 1952, defendant, after notice, moved that plaintiff be adjudged in contempt for failure to pay the installments required by the consent order. In this connection it is admitted that the child has been legally adopted and plaintiff is no longer liable for its support. Defendant avers, however, that she is still entitled to the full payments required by the order. Plaintiff filed a motion to strike the consent order. At the May Term 1952, Patton, Special Judge, declined to hear plaintiff's motion to strike until and unless he paid all installments in arrears. Plaintiff thereupon paid all arrearages and was purged of contempt. Plaintiff then filed a motion to strike the consent order.

Plaintiff's motion came on for hearing at the June Term 1952. Upon hearing the same, Pless, J., relying on *Livingston v. Livingston,* 235 N.C. 515, entered an order "that said consent order of April 23, 1947, shall be and the same is hereby set aside and rendered inoperative as an

order of Court; provided, however, the entry of this order shall not in anywise impair or affect the rights of the defendant, Charlotte A. Feldman, to sue upon said consent order in contract, if she be so advised, this order being without prejudice to the contractual rights and obligations of the parties under and pursuant to said consent order of April 23, 1947."

Defendant excepted and appealed.

*Hayes, Hatfield & McClain for plaintiff appellee.*
*Jordan & Wright and Perry C. Henson for defendant appellant.*

BARNHILL, J.  Allowance of alimony payable after a decree of divorce *a vinculo* was unknown to the common law.  *Duffy v. Duffy,* 120 N.C. 346; *Lockman v. Lockman,* 220 N.C. 95, 16 S.E. 2d 670; Gavit Black. Com., pp. 188, 189.

"At common law, where a divorce *a vinculo matrimonii* was granted, no allowance for the future support of the wife was given, and we have no statute in this State allowing it."  *Duffy v. Duffy, supra; Crews v. Crews,* 175 N.C. 168, 95 S.E. 149; *Hobbs v. Hobbs,* 218 N.C. 468, 11 S.E. 2d 311; *Stanley v. Stanley,* 226 N.C. 129, 37 S.E. 2d 118; Anno. 166 A.L.R. 1004.

As the right did not exist at common law, the right of the wife to support after divorce *a vinculo* is subject to legislative regulation.  Only such rights to alimony exist as are provided by statute, *Cooke v. Cooke,* 164 N.C. 272, 80 S.E. 178, and the General Assembly of North Carolina, except as hereinafter noted, has never enacted any statute permitting the granting of alimony after the dissolution of the bonds of matrimony. Since the decree dissolves the status, it terminates all the incidents of marriage, including the right of the wife to support and maintenance.

This principle was first put into statutory form by the General Assembly of this State in 1871.  Ch. 193, sec. 43, of the Public Laws of 1871-72 provides that "After a judgment of divorce from the bonds of matrimony, all rights arising out of the marriage shall cease and determine, and either party may marry again: Provided . . ." (Proviso relates to children). This statute has been enacted and re-enacted in every succeeding codification of our law and is now G.S. 50-11.

The only modification thereof in respect to alimony is contained in ch. 204, P.L. 1919.  Section 1 thereof is as follows:

"Section 1.  That in all cases where an absolute divorce is granted upon the grounds of separation of husband and wife for ten (now two) successive years as provided by law, such decree granting such divorce shall not have the effect of impairing or destroying the right of the wife to receive alimony under any judgment or decree of the court rendered before the commencement of such proceeding for absolute divorce."

This section of that Act, as amended, is brought forward as a proviso in G.S. 50-11.

It is not contended that the consent order was entered prior to the institution of this action. Instead, the record discloses and it is conceded that it was entered on defendant's cross action filed in this cause. Hence it is without statutory authorization in so far as it requires plaintiff to pay alimony after the entry of the final decree of divorce.

It is true that when the order was signed the court had jurisdiction of the parties and of the subject matter of the action. Even so, he had no jurisdiction to enter an order requiring plaintiff to support the defendant after the marital status was dissolved. And it is axiomatic that jurisdiction cannot be conferred by consent, waiver, or estoppel. *McRary v. McRary*, 228 N.C. 714, 47 S.E. 2d 27. Jurisdiction rests upon the law and the law alone. It is never dependent upon the conduct of the parties.

That part of the order which requires the payment of alimony after the date of the decree of absolute divorce must rest entirely upon the consent of the parties. To this extent, it is nothing more than a contract.

The wife is afforded ample legal means for the protection of her right to support and maintenance during coverture. If the husband is guilty of misconduct which gives rise to a cause for divorce, she may institute an action for divorce *a mensa* under G.S. 50-7, 14, or for reasonable subsistence without divorce under G.S. 50-16. If the husband institutes the action, she may elect either to plead that the separation arose out of the wrongful conduct of the husband and thus preserve her right to maintenance or refrain from contesting the action and risk the loss of her marital rights. *Stanley v. Stanley, supra.* Whether further remedies are to be provided so that a man may be required to support his wife after the marriage has been dissolved is for the General Assembly to decide.

The judgment entered is
Affirmed.