## T. J. MERRITT v. JESSIE B. MERRITT.

(Filed 25 February, 1953.)

**1. Divorce and Alimony § 11—**

Whether a wife is entitled to payments for her support in accordance with a separation agreement and is entitled to enforce such payments under statutory provisions, is a question of law for the court, and the finding of the jury upon such issue constitutes no proper basis for a judgment requiring the husband to continue to pay alimony after the dissolution of the marital status.

**2. Same—**

The judge entering a decree of divorce *a vinculo* is without jurisdiction to enter an order requiring the husband to continue to support his divorced wife.

APPEAL by defendant from *Burgwyn, Special Judge,* November Term, 1952, PASQUOTANK. Affirmed.

Civil action for divorce, heard on motion to attach plaintiff as for contempt for failure to pay alimony.

On 4 October 1944 plaintiff and defendant entered into a separation agreement in which plaintiff agreed to pay defendant $50 per month to be allotted through the U. S. Coast Guard. The agreement provided for a reduction in the amount of monthly payments to $35 upon the retirement of the plaintiff.

On 30 March 1945 plaintiff instituted this action for divorce. The defendant filed an answer to the complaint in which she pleaded the separation agreement and prayed that alimony be allotted her in accord with the terms thereof.

In the trial at the May Term 1945, Dixon, Special Judge, presiding, the Judge submitted an issue (No. 5), the answer to which in effect constitutes a finding by the jury that defendant, by virtue of such agreement, was entitled to alimony and "to the benefit of the statutes and laws of North Carolina, relating to husband and wife, for the enforcement of said maintenance and support under said agreement." A final decree of divorce was entered at said May Term which judgment contains the following:

"It is FURTHER ORDERED, ADJUDGED AND DECREED, upon the answer to the fifth issue, and by consent, that the plaintiff continue in full force and effect his allotment through the U. S. Coast Guard made in accordance with his agreement of October 4, 1944, and that, should the defendant no longer receive an income from the said U. S. Coast Guard, that plaintiff pay to defendant the amount provided in said agreement as support and maintenance."

MERRITT *v.* MERRITT.

At the November Term 1952 defendant, after due notice, appeared and moved for a writ attaching plaintiff as for contempt for his willful failure to make the payments required by said judgment. Upon hearing the motion, the court below, "being of the opinion . . . as a matter of law, that a wilful violation of said provision of the judgment is not a proper subject for contempt proceedings," entered judgment denying the motion and dismissing the contempt proceeding. Defendant excepted and appealed.

*John H. Hall for plaintiff appellee.*
*LeRoy & Goodwin for defendant appellant.*

BARNHILL, J.  The fifth issue submitted to the jury in the original trial involves a question of law. The answer thereto was for the judge and not for the jury. It constitutes no proper basis for a judgment requiring plaintiff to continue to pay defendant alimony after the dissolution of the marital status.

G.S. 50-11 expressly provides that "After a judgment of divorce from the bonds of matrimony, all rights arising out of the marriage shall cease and determine . . ." The judge entering a decree of divorce *a vinculo* is without jurisdiction to enter an order requiring the husband to continue to support his divorced wife. *Feldman v. Feldman,* 236 N.C. 731, and cases cited; *Livingston v. Livingston,* 235 N.C. 515, 70 S.E. 2d 480. And it is axiomatic that jurisdiction cannot be conferred by consent. *Feldman v. Feldman, supra; McRary v. McRary,* 228 N.C. 714, 47 S.E. 2d 27, and cases cited.

What we have heretofore said on this question requires no amplification. Further discussion would serve no useful purpose. Suffice it to say that the judgment entered by the court below was in accord with our decisions.

We do not mean to say that defendant is wholly without a remedy. The courts are still open to her for the enforcement of the contractual rights created by the separation agreement.

The judgment entered is
Affirmed.