J. L. RAYFIELD v. VERGIE GORDON RAYFIELD.

(Filed 12 October, 1955.)

**1. Divorce and Alimony § 16½—**

While a consent judgment for alimony entered with the sanction of the court is a contract between the parties and cannot be amended without their consent, a decree of alimony granted in conjunction with a divorce *a mensa et thoro,* is subject to modification by the court from time to time as changed circumstances of the parties may reasonably require, and an order of the court increasing the subsistence upon the court's finding of changed conditions, supported by evidence, is within the sound discretion of the court. G.S. 50-14.

**2. Divorce and Alimony § 15—**

While permanent alimony may not be awarded in this State upon a decree of divorce *a vinculo,* by express provision of G.S. 50-11, a decree of absolute divorce on the ground of two years separation does not impair or destroy the wife's right to receive alimony under a judgment or decree rendered before the commencement of the proceeding for absolute divorce.

RAYFIELD *v.* RAYFIELD.

The 1955 amendment to G.S. 50-11, enlarging this proviso, *held* not applicable by reason of its express language.

**3. Divorce and Alimony § 13—**

In rendering a decree of divorce *a mensa et thoro*, the court has power to decree that the husband should pay permanent alimony for the subsistence of the wife and their infant children.  G.S. 50-14.

**4. Same—**

The amount of alimony and counsel fees decreed upon a divorce *a mensa et thoro*, is a matter of judicial discretion.

**5. Divorce and Alimony § 16½—**

A motion in the cause is a proper procedure to obtain an increase for changed conditions in the amount of subsistence allowed a wife upon a decree of divorce *a mensa et thoro*.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Clarkson, J.,* August "B" Civil Term 1955 of MECKLENBURG.

Motion in the cause to punish the plaintiff for contempt of court in wilfully failing to pay alimony for the support of his wife and children, as required by a judgment entered at the November Term 1941 of the Superior Court of Mecklenburg County, and to increase the amount of alimony, due to changed conditions.

In 1941 plaintiff instituted in Mecklenburg County an action for divorce *a vinculo* upon the alleged ground of a two-year separation. The defendant filed answer denying a two-year separation, and setting up a cross-action for divorce *a mensa et thoro*, for alimony and counsel fees.

At the November Term 1941 of the Superior Court of Mecklenburg County this action was heard upon the defendant's cross-action.  The plaintiff failed to appear, and his action was nonsuited and dismissed. The verdict of the jury was that the parties were married, as alleged, that the plaintiff wilfully and maliciously, and without just cause, abandoned the defendant, and failed to provide adequate support for his wife and children begotten by him on her, and that both parties had been residents of North Carolina for two years prior to the commencement of the action.  Judgment was entered on the verdict granting the defendant a divorce *a mensa et thoro*, and ordering the plaintiff to pay $15.00 per week for the support of defendant and the seven minor children born of the marriage, whose custody was awarded to her, and to pay counsel fees to her lawyer.

Subsequent to 1941 the defendant instituted, and procured a divorce *a vinculo* from plaintiff on the ground of a two-year separation.

The plaintiff filed an answer to the motion in the cause, which was served upon him, and the motion came on to be heard before Judge Clarkson. In the order entered Judge Clarkson found these facts: The plaintiff is not now in arrears in the payment of alimony, and is not in contempt of court. That of the seven children born of the marriage only two reside presently with defendant: that of these two, the eldest, who is 18 years of age, has had a job and will soon have another, which will be sufficient to support him, and the court does not at present undertake to compel plaintiff to support him. The youngest of the two children residing with defendant is 15 years old. In 1954 plaintiff had a gross income of $25,749.10, a net income of about $2,996.94, took an exemption in 1954 in his Federal Income Tax Return of $2,400.00, owns real property, a 1955 Oldsmobile automobile, a 1955 Ford automobile, a truck and other equipment, which he uses in his business. Plaintiff is a painting contractor, and is an able-bodied man. In view of the change in conditions since 1941, plaintiff is able to earn and to pay more alimony than $15.00 a week, and is earning and able to pay $25.00 a week for the support of defendant and their youngest child, which the court finds is reasonable and commensurate with plaintiff's ability to earn and pay. That defendant's counsel has rendered valuable services in representing her in the two hearings on this motion, and that $100.00 is a reasonable allowance for his services. Whereupon the court ordered that the plaintiff pay alimony for the support of defendant and their youngest child living with her $25.00 a week, and pay her counsel a fee of $100.00.

During the hearing before Judge Clarkson the parties admitted that the defendant had not remarried, and that all the children born of the marriage, except the 15-year old child living with defendant, had become self-supporting.

Plaintiff excepted to Judge Clarkson's order, and appealed, assigning error.

*Wm. H. Booe for Defendant, Appellee.*
*Hugh M. McAulay for Plaintiff, Appellant.*

PARKER, J. The appellant has no exceptions to the findings of fact of the court.

This single question of law is presented for decision: Can an award of subsistence for defendant and the children born of the marriage, decreed by the court under G.S. 50-14 in conjunction with a divorce *a mensa et thoro*, before the commencement of a proceeding by the wife for a divorce *a vinculo* under the provisions of G.S. 50-6, which she obtained, be increased in amount by the court in its discretion, on her

RAYFIELD *v.* RAYFIELD.

motion in the action when and where subsistence was awarded, when changed circumstances of the parties reasonably require it?

In the case of alimony granted in conjunction with a divorce *a mensa et thoro* it is practically the undisputed rule that such alimony provisions are subject to such modification by the court from time to time as changed circumstances of the parties may reasonably require. *Rogers v. Vines,* 28 N.C. (6 Ired. L.) 293; *Taylor v. Taylor,* 93 N.C. 418, 53 Am. Rep. 460; *Crews v. Crews,* 175 N.C. 168, 95 S.E. 149; *Barber v. Barber,* 217 N.C. 422, 427, 8 S.E. 2d 204; *Gloth v. Gloth,* 154 Va. 511, 153 S.E. 879, 71 A.L.R. 700 (an excellent opinion, citing many cases); Annos.: 71 A.L.R. 724, 127 A.L.R. 742; 17 Am. Jur., Divorce and Separation, Sec. 644.

When a consent judgment for alimony is entered with the sanction of the court, it is a contract binding between the parties, and cannot be amended without their consent. *Lentz v. Lentz,* 193 N.C. 742, 138 S.E. 12; *Morris v. Patterson,* 180 N.C. 484, 105 S.E. 25; 17 Am. Jur., Divorce and Separation, Sec. 649.

Whether an award of alimony rendered in connection with a divorce *a vinculo* can be modified is not before us for consideration for two reasons: one, in this jurisdiction permanent alimony is not awarded in a divorce *a vinculo, Feldman v. Feldman,* 236 N.C. 731, 73 S.E. 2d 865; *Stanley v. Stanley,* 226 N.C. 129, 37 S.E. 2d 118; *Hobbs v. Hobbs,* 218 N.C. 468, 11 S.E. 2d 311; *Duffy v. Duffy,* 120 N.C. 346, 27 S.E. 28, and two, no such facts are before us. As to that question see: Annos.: 71 A.L.R. 726, 127 A.L.R. 742; 17 Am. Jur., Divorce and Separation, Sec. 645.

The General Assembly of North Carolina enacted a statute, set forth in G.S. 50-11, which was in full force and effect in 1941, and reads in part: "Provided further, that a decree of absolute divorce upon the ground of separation for two successive years as provided in G.S. 50-5 or G.S. 50-6 shall not impair or destroy the right of the wife to receive alimony under any judgment or decree of the court rendered before the commencement of the proceeding for absolute divorce."

In 1953 the General Assembly, 1953 Session Laws, Chapter 1313, enlarged the proviso set forth above by providing that "a decree of absolute divorce shall not impair or destroy the right of the wife to receive alimony and other rights provided for her under any judgment or decree of a court rendered before the rendering of the judgment for absolute divorce."

The amendment to G.S. 50-11 by the General Assembly in 1955 Session Laws, Chapter 872, by its express language, is not applicable to defendant's judgment for subsistence rendered in 1941.

The court had the power when it rendered the judgment granting defendant a divorce *a mensa et thoro* to decree in the judgment that the plaintiff should pay permanent alimony for the subsistence of defendant and their infant children. G.S. 50-14; *Silver v. Silver,* 220 N.C. 191, 16 S.E. 2d 834; *Jenkins v. Jenkins,* 225 N.C. 681, 36 S.E. 2d 233; *Norman v. Norman,* 230 N.C. 61, 51 S.E. 2d 927.

The General Assembly has provided in the explicit language of G.S. 50-11 that defendant's judgment for permanent alimony survives the judgment of absolute divorce, obtained in an action commenced after the rendition of the judgment decreeing the payment of alimony to her. *Simmons v. Simmons,* 223 N.C. 841, 28 S.E. 2d 489; *Howell v. Howell,* 206 N.C. 672, 174 S.E. 921.

In *Rogers v. Vines, supra,* Ruffin, C. J., speaking for the Court used these words, which is practically undisputed law: "Moreover, the decree for alimony vests in the wife no absolute right to the allowance, . . . it may be changed from time to time, and reduced or enlarged, in the discretion of the court." This language is quoted with approval in *Taylor v. Taylor, supra.*

This Court said in *Crews v. Crews, supra:* "A judgment for alimony is never final in the sense that it is always and forever enforceable and cannot be modified on motion and sufficient evidence."

The amount of alimony and counsel fees decreed is a matter of judicial discretion. *Davidson v. Davidson,* 189 N.C. 625, 127 S.E. 682; *Vaughan v. Vaughan,* 211 N.C. 354, 190 S.E. 492; *Butler v. Butler,* 226 N.C. 594, 39 S.E. 2d 745.

The lower court, in its sound discretion, after a hearing at which plaintiff and defendant were present with their attorneys, and both offered evidence, found from sufficient evidence that the changed circumstances of the parties reasonably required that the payment of subsistence entered at the November Term 1941 should be increased, and entered an order to that effect. The plaintiff makes no contention that there was not sufficient evidence before the court for it to make its finding that the changed circumstances of the parties reasonably required that the amount of payment of subsistence should be increased, but contends that the judgment was final, and the court had no power to modify it. The law is otherwise. Under the facts found the court did have the power to increase the amount to be paid by plaintiff under the judgment for subsistence. For us to rule otherwise would be "to impair . . . the right of the wife to receive alimony" under the judgment entered in November 1941, because it is practically undisputed law that a court in the exercise of its sound discretion can reduce or enlarge the amount of alimony decreed in conjunction with a divorce

*a mensa et thoro* to meet changing circumstances of the parties, and to nullify the plain and express language of G.S. 50-11.

The plaintiff in his brief makes no reference to the part of the order requiring the payment of counsel fees to defendant's lawyer, though he has an exception to it. "Exceptions in the record not set out in appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned by him." Rules of Practice in the Supreme Court, Rule 28, 221 N.C. 562; *Reynolds v. Earley,* 241 N.C. 521, 85 S.E. 2d 904.

A motion in the action in which the judgment of subsistence was rendered was the proper procedure. *Barber v. Barber,* 216 N.C. 232, 4 S.E. 2d 447.

The order of the lower court is
Affirmed.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.