VIRGINIA F. LEVITCH v. DAVID H. LEVITCH

No. 7628DC991

(Filed 7 September 1977)

**Divorce and Alimony § 21.6— separation agreement incorporated into divorce judgment—failure to pay alimony—contempt**

     Where the court merely incorporated a separation agreement into a judgment of absolute divorce by reference but did not order defendant husband to pay alimony as provided in the agreement, defendant may not be compelled by contempt proceedings to pay alimony as provided in the agreement.

APPEAL by plaintiff from *Israel, Judge.* Order entered 5 August 1976 in District Court, BUNCOMBE County. Heard in the Court of Appeals 30 August 1977.

On 7 December 1973 a judgment was signed in this action granting defendant an absolute divorce from plaintiff. In the judgment the court found as a fact that on 21 November 1973 the parties executed a deed of separation and ordered that the separation agreement "be, and the same is hereby, incorporated by reference in this Judgment and shall survive this Judgment".

On 20 January 1976 plaintiff filed a motion in the cause alleging that defendant had failed to pay alimony as provided in the separation agreement and was in arrears in payments to the extent of at least $1500. She asked that defendant be adjudged in contempt of court.

On 5 August 1976 the court entered an order denying plaintiff's motion for the reason that the 7 December 1973 judgment merely incorporated the separation agreement between the parties, and the court did not order defendant to pay alimony as provided in the agreement. Plaintiff appealed.

*Jerry W. Miller for plaintiff appellant.*

*Riddle and Shackelford, by Robert E. Riddle, for defendant appellee.*

BRITT, Judge.

Defendant has moved in this court that the appeal be dismissed for the reason that plaintiff did not comply with the rules of the court in perfecting her appeal. Although the motion has merit, we elect to treat the papers filed as a petition for writ of certiorari, allow the petition and proceed to consider the cause on the merits.

The crucial question presented by this appeal is: May defendant be compelled by contempt proceedings to pay alimony as provided in the separation agreement? The answer is no.

While the Supreme Court in *Bunn v. Bunn*, 262 N.C. 67, 136 S.E. 2d 240 (1964), was dealing with a consent judgment providing for the payment of alimony, we think the principle stated or restated in that case applies here. We quote from the opinion (p. 69) by Justice (now Chief Justice) Sharp:

" . . . Consent judgments for the payment of subsistence to the wife are of two kinds. In one, the court merely approves or sanctions the payments which the husband has agreed to make for the wife's support and sets them out in a judgment against him. Such a judgment constitutes nothing more than a contract between the parties made with the approval of the court. Since the court itself does not in such case order the payments, the amount specified therein is not technically alimony. In the other, the court adopts the agreement of the parties as its own determination of their respective rights and obligations and orders the husband to pay the specified amounts as alimony.

"A contract-judgment of the first type is enforceable only as an ordinary contract. It may not be enforced by contempt proceedings . . . . "

In the case at hand the trial court did nothing more than approve or sanction the provisions which defendant had made for plaintiff. The court did not *order* defendant to make the payments.

It would appear that the courts are still open to plaintiff for enforcement of the contractual rights created by the separation agreement. *See Merritt v. Merritt*, 237 N.C. 271, 74 S.E. 2d 529 (1953); *also*, 2 R. Lee, N.C. Family Law § 152 (1963).

For the reasons stated, the order appealed from is

Affirmed.

Chief Judge BROCK and Judge MORRIS concur.