ANN S. CAVENDISH v. RICHARD C. CAVENDISH

No. 7726DC1034

(Filed 7 November 1978)

1. **Divorce and Alimony § 17.3— permanent alimony—reduction for acts of dependent spouse**

    Pursuant to G.S. 50-16.5(b), the trial court has the discretion to award some permanent alimony to a dependent spouse even when the jury finds that the dependent spouse has committed acts which would support the granting of a divorce from bed and board in favor of the supporting spouse.

2. **Divorce and Alimony § 17.3— reduction of alimony for indignities of dependent spouse—specific indignities—amount of reduction—findings not required**

    Where the trial court found that the husband and wife had both rendered indignities to each other and reduced the amount of alimony awarded to the wife by 30% because of the indignities on her part, it was not necessary for the court to make findings of fact as to what specific indignities had been rendered by each of the parties or to show how it arrived at the 30% figure.

3. **Divorce and Alimony § 18— divorce from bed and board—jury verdict— alimony pendente lite—continuance pending hearing on permanent alimony**

    Where the jury in an action for divorce from bed and board found that both spouses had rendered indignities to the other, the trial court did not err in permitting an alimony *pendente lite* order to remain in effect pending a hearing on the issue of whether an award of permanent alimony to the dependent spouse should have been disallowed or reduced pursuant to G.S. 50-16.5(b).

APPEAL by defendant from *Johnson, Judge.* Judgment entered 20 July 1977 in the District Court of MECKLENBURG County. Heard in the Court of Appeals 21 September 1978.

Plaintiff-wife sued the defendant-husband for divorce from bed and board, alimony *pendente lite*, counsel fees and permanent alimony on the grounds of abandonment and indignities. Defendant denied plaintiff's allegations and counterclaimed for divorce from bed and board on the grounds of abandonment and indignities.

Plaintiff's evidence tended to show that defendant had an uncontrollable temper, had threatened and abused her and drank to excess. The defendant had asked her to live in Tryon so he could live alone in Charlotte and failed to visit her in Tryon on many occasions. He also had failed to accompany her to social events.

Defendant's testimony tended to show that the plaintiff drank to excess and had created a rift between him and his children. The plaintiff had joined a wealthy social group and the defendant was unable to meet her financial demands.

The jury found that neither spouse had abandoned the other, but found that each had rendered indignities to the other. The court ordered the alimony *pendente lite* order to remain in effect pending hearing on the issue of whether permanent alimony should be disallowed or reduced pursuant to G.S. 50-16.5(b). The hearing was held three months later. At hearing, plaintiff's affidavits and testimony tended to show that her monthly expenses were about $1,500 and that she has no other source of income. Defendant's affidavits and testimony show that he has an income of about $2,300 a month and expenses of $2,057. The court found that the defendant earned $40,000 a year, and had monthly expenses of $1,300, and that the plaintiff was a dependent spouse with monthly expenses of $1,200. The court found that the husband had committed acts which were grounds for awarding permanent alimony, and that the plaintiff had committed acts which would entitle the defendant to permanent alimony if she were the supporting spouse. The court found that plaintiff's acts constituted fault on her part in the amount of 30%. The court then reduced the amount of $1,200 per month which she would have been entitled to receive as permanent alimony had she not been at fault, to $840 per month pursuant to G.S. 50-16.5(b). The court then granted the plaintiff a divorce from bed and board and counsel fees of $2,000.

*Harkey, Faggart, Coira & Fletcher by Charles F. Coira, Jr. for plaintiff appellee.*

*Thomas R. Cannon for defendant appellant.*

CLARK, Judge.

[1] Defendant first contends that the trial court erred in failing to grant him a divorce from bed and board from the plaintiff since the jury had found that both plaintiff and defendant had rendered indignities to the other. Defendant contends that if divorce from bed and board were entered in favor of both parties then the defendant would have no obligation to pay alimony to the plaintiff.

G.S. 50-16.5(b) provides:

"Except as provided in G.S. 50-16.6 in case of adultery, the fact that the dependent spouse has committed an act or acts which would be grounds for alimony if such spouse were the supporting spouse shall be grounds for disallowance of alimony or reduction in the amount of alimony when pleaded in defense by the supporting spouse."

This statutory language makes it clear that the trial court may, in its discretion, award some permanent alimony to a dependent spouse even when the jury finds that the dependent spouse has committed acts which would support the granting of a divorce from bed and board in favor of the supporting spouse. *See Self v. Self*, 37 N.C. App. 199, 245 S.E. 2d 541 (1978). The statute provides that the only case in which the trial court is precluded from awarding any alimony to the dependent spouse is when the dependent spouse has committed adultery. That is not the case here, and therefore, even if the court had granted the divorce from bed and board in favor of the defendant, it would not affect the award of alimony. *See, Self v. Self, supra.* Therefore, defendant's first contention is without merit.

[2] Defendant next contends that the judgment was not supported by adequate evidence and findings of fact. Specifically, the court did not make findings of fact as to what indignities had been rendered by each of the parties nor did the court give any indication of how it arrived at the 30% figure. The amount of alimony to be awarded lies in the sound discretion of the trial judge. *Beall v. Beall*, 290 N.C. 669, 228 S.E. 2d 407 (1976); *Eudy v. Eudy*, 288 N.C. 71, 215 S.E. 2d 782 (1975). G.S. 50-16.5(b) does not require the court to make findings of fact in support of its reduction of alimony. In *Self, supra*, this court held that the trial judge need not set out the amount of the reduction of the alimony award in the judgment. In the case *sub judice*, the trial court went further than required by including the precise percentage of reduction in the judgment. The alimony awarded was substantially less than plaintiff's living expenses and there is no evidence that the court abused its discretion in reducing the alimony in the amount of 30%. Defendant's contention is without merit.

Defendant's third contention is that there was insufficient evidence and findings of fact to support the court's order which

discounted approximately $700 from defendant's monthly financial needs. We find no merit in defendant's contention. The trial court based its findings of fact upon the Affidavits of Financial Standing submitted by the parties and upon the testimony of the parties. There was ample evidence presented to support the finding of fact. The judgment included a finding of fact that the defendant earned a salary of $40,000 per year and his expenses were approximately $1,300 per month.

[3] The defendant's final argument is that the court erred in permitting the order, which provided for alimony *pendente lite*, to remain in effect until the hearing on permanent alimony. Although the verdict entered in April 1977 resolved certain issues, a final judgment could not be entered without additional evidence on the issue of permanent alimony. The trial court is empowered to order the previous *pendente lite* order to remain in effect until it was superseded by a final judgment. G.S. 50-16.1; see, Lee, N.C. Family Law, § 135 (3d ed. 1963).

The contentions of defendant are without merit and therefore the judgment is affirmed.

Affirmed.

Chief Judge BROCK and Judge MARTIN (Harry C.) concur.