RUTH LEE WILHELM v. RONALD L. WILHELM, SR.

No. 7927DC260

(Filed 6 November 1979)

**Divorce and Alimony § 17.2— divorce from bed and board—alimony—effect of absolute divorce decree**

Plaintiff's action for divorce from bed and board was a pending action which asserted the rights of a dependent spouse with respect to alimony, and plaintiff's right pursuant to that action were not affected by a decree of absolute divorce granted defendant. G.S. 50-6.

APPEAL by plaintiff from *Carpenter, Judge.* Judgment entered 7 December 1978, nunc pro tunc 9 November 1978, in District Court, GASTON County. Heard in the Court of Appeals 28 September 1979.

Plaintiff brought an action for divorce from bed and board, seeking ancillary relief of alimony pendente lite, and child support and custody. After hearing on plaintiff's motions, with plaintiff and defendant present and offering evidence, the trial court awarded plaintiff alimony pendente lite, child support and custody, and attorney's fees on 2 Feburary 1978. The cause was retained by the court. Defendant filed an action for absolute divorce on 2 August 1978 and thereafter judgment of absolute divorce was entered 6 September 1978. Subsequent to the decree of absolute divorce, defendant stopped making alimony payments.

Plaintiff filed a motion in this action asking that defendant be required to appear and show cause why he should not be held in contempt for failure to make the alimony payments. At the show cause hearing the trial judge ruled that the absolute divorce obtained by defendant barred the plaintiff from further alimony pendente lite and dismissed and denied plaintiff's motion.

*Frank Patton Cooke, by R. T. Wilder, Jr., for plaintiff appellant.*

*Layton & Street, by Nicholas Street, for defendant appellee.*

MARTIN (Harry C.), Judge.

This case appears to be of first impression in North Carolina. The determinative question on this appeal is: Is plaintiff's action for divorce from bed and board a pending action asserting a dependent spouse's rights with respect to "alimony," within the meaning of N.C.G.S. 50-6, as amended effective 16 June 1978? We answer yes, and accordingly reverse the trial court's order.

The pertinent portion of the statute in effect when defendant instituted his action for absolute divorce, 2 August 1978, reads:

Notwithstanding the provisions of G.S. 50-11, or of the common law, a divorce under this section obtained by a supporting spouse shall not affect the rights of a dependent spouse with respect to alimony which have been asserted in the action or any other pending action.

N.C. Gen. Stat. 50-6, 1978 Interim Supp. This amendment to N.C.G.S. 50-6 became effective 16 June 1978.

In resolving the above question, we must look to the meaning of the word "alimony" as used in the 1978 amendment. Prior to the adoption of the 1978 amendment, the General Assembly had defined "alimony" and "alimony pendente lite" as follows:

"Alimony" means payment for the support and maintenance of a spouse, either in lump sum or on a continuing basis, ordered in an action for divorce, whether absolute or from bed and board, or an action for alimony without divorce.

"Alimony pendente lite" means alimony ordered to be paid pending the final judgment of divorce in an action for divorce, whether absolute or from bed and board, or in an action for annulment, or on the merits in an action for alimony without divorce.

N.C. Gen. Stat. 50-16.1(1)(2). The legislature is presumed to have acted with knowledge of these definitions when it used the word "alimony" in the 1978 amendment. *State v. Benton*, 276 N.C. 641,

Wilhelm v. Wilhelm

174 S.E. 2d 793 (1970). By the definitions, alimony pendente lite is "alimony" paid during the pendency of the action. Additional evidence of the intent of the General Assembly to consider alimony and alimony pendente lite the same, except for the period of payment, is found in N.C.G.S. 50-16.3(b):

> The determination of the amount and the payment of alimony pendente lite shall be in the same manner as alimony, except that the same shall be limited to the pendency of the suit in which the application is made.

The legislature did not use any limiting words, such as "permanent," to modify "alimony" in the 1978 amendment.

The intent of the legislature controls the interpretation of a statute. *State v. Hart*, 287 N.C. 76, 213 S.E. 2d 291 (1975). Where the terms of the statute are clear, no interpretation is required. *Peele v. Finch*, 284 N.C. 375, 200 S.E. 2d 635 (1973). In considering the intention of the legislature in adopting the 1978 amendment, the spirit of the amendment and what it sought to accomplish, we may look to prior amendments of the same statute.

In the regular 1977 session, the legislature adopted the following amendment to N.C.G.S. 50-6:

> Provided that no final judgment of divorce shall be rendered under this section until the court determines that there are no claims for support or alimony between the parties or that all such claims have been fully and finally adjudicated.

N.C. Gen. Stat. 50-6, 1977 Supp.

It is apparent in considering the 1977 amendment and its replacement in 1978 that the intent and spirit of the legislature was to allow absolute divorces pursuant to N.C.G.S. 50-6 and still protect the rights of a dependent spouse to alimony raised in actions pending at the time of the divorce judgment. The legislature desired to allow a supporting spouse to obtain a divorce and leave open for later adjudication the rights of the dependent spouse to alimony raised in pending actions. This objective could not be accomplished if the dependent spouse's rights to alimony pendente lite are excluded from the saving provision of the 1978 amendment. We hold the word "alimony" in the 1978 amendment includes "alimony pendente lite."

Defendant argues that plaintiff's action for alimony was not a "pending action" within the purview of N.C.G.S. 50-6, as amended, because in her complaint the plaintiff did not pray for permanent alimony, demanding only a divorce from bed and board. We do not find this argument persuasive. An action for divorce from bed and board will support an award of permanent alimony, child support and counsel fees. That is one of the purposes of the action. *Rayfield v. Rayfield*, 242 N.C. 691, 89 S.E. 2d 399 (1955); *Norman v. Norman*, 230 N.C. 61, 51 S.E. 2d 927 (1949); *Cavendish v. Cavendish*, 38 N.C. App. 577, 248 S.E. 2d 340 (1978), *disc. rev. denied*, 296 N.C. 583, 254 S.E. 2d 33 (1979). A dependent spouse may assert a right to alimony in either an action for divorce from bed and board or one for alimony without divorce. As long as the dependent spouse sets forth facts and conditions under which alimony might be awarded pursuant to either of these provisions of the statute, such a complaint would form the basis of an action asserting "rights of a dependent spouse with respect to alimony" as contemplated by the 1978 amendment to N.C.G.S. 50-6. Plaintiff in her complaint prayed for such other and further relief as to the court may seem just and proper. This would support an award of permanent alimony in the event plaintiff is successful upon a trial on the merits.

We hold that the plaintiff's action for divorce from bed and board is a pending action which asserts the rights of a dependent spouse with respect to alimony and that her rights pursuant to that action were not affected by the decree of absolute divorce granted defendant. The judgment of the trial court is accordingly reversed and the case remanded to the District Court of Gaston County.

Judges ARNOLD and WEBB concur.