## ANN S. HAMILTON v. HEATH L. HAMILTON.

(Filed 12 October, 1955.)

**1. Appeal and Error § 40f—**

   The Supreme Court will not disturb the ruling of the trial judge on a motion to strike unless the appellant can show that the retention or deletion of the allegation or allegations complained of would prejudice the rights of such party.

**2. Husband and Wife § 12d (4)—Subsequent divorce does not relieve husband of payments under deed of separation unless the agreement so provides.**

   When the separation agreement between husband and wife provides for cancellation of monthly payments thereunder in the event of the remarriage of the wife, but does not purport to provide for the cancellation of such payments in the event of a subsequent decree of divorce, the wife, in her action to recover payments due under the agreement, is not prejudiced by the refusal of the court to strike allegations in the answer that the husband had obtained a divorce from plaintiff subsequent to the execution of the separation agreement, and the court should sustain plaintiff's demurrer to the answer, since a deed of separation is valid in this State when reasonable and fair to the wife, supported by consideration, and executed in accordance with our statutes, and it will not be held void as being against public policy because it provides for support of the wife for life or until her remarriage.

**3. Appeal and Error § 2—**

   The overruling of a demurrer *ore tenus* is not appealable.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.

APPEAL by plaintiff and defendant from *Patton, Special Judge,* June Term, 1955, of MECKLENBURG.

HAMILTON *v.* HAMILTON.

This is an action instituted by the plaintiff for the purpose of recovering unpaid sums, aggregating $4,300.00, alleged to be due the plaintiff from the defendant under the terms of a separation agreement entered into between the parties on 24 March, 1950.

The separation agreement, in so far as it provides for the support of the plaintiff herein, expressly provides that the defendant shall pay the sum of $100.00 per month for the maintenance and support of Ann Schweikert Hamilton, the wife, the first payment to be made on the 1st day of April, 1950, and a like sum on the first day of each and every month thereafter; subject, however, to the following conditions: "In the event the wife is divorced from the husband and subsequently remarries, the payments of One Hundred Dollars ($100.00) a month for the support and maintenance of said wife shall cease upon the date of said remarriage."

The defendant filed an answer admitting the pertinent allegations of the complaint, including the execution of the separation agreement. However, in answering the allegations of the complaint with respect to the marriage, the separation, and the allegation to the effect that the plaintiff has not remarried, the defendant alleges that he obtained a divorce from the plaintiff in an action instituted by him after the separation agreement was entered into between the parties. The defendant also sets up as a further answer and defense allegations to the effect that since the plaintiff is no longer the wife of the defendant, the separation agreement is null and void and that any payment thereunder would be against public policy.

The plaintiff moved to strike all reference in the answer to the alleged divorce decree obtained by the defendant and the allegations to the effect that the defendant is not the owner of the property seized in the attachment proceedings, instituted in connection with this action, although admitting record title thereto. The plaintiff also demurred to the further answer and defense on the ground that it did not state facts sufficient to constitute a counterclaim or a defense.

The defendant demurred *ore tenus* to the complaint.

The court allowed the motion to strike in paragraph three of the answer, in which the allegations therein with respect to divorce were not raised by the allegations in paragraph three of the complaint, but denied the motion with respect to the answer to the allegations of paragraph nine of the complaint in which the plaintiff alleged that since the date of the separation "the plaintiff has not divorced the defendant and has not remarried." The court also allowed the motion to strike from the answer the allegations with respect to the ownership of the property seized in the attachment proceedings.

The court overruled plaintiff's demurrer to the further answer and defense and the defendant's demurrer *ore tenus.*

From these rulings and the order entered in accord therewith, plaintiff and defendant appeal, assigning error.

*Sedberry, Clayton & Sanders and Ralph C. Clontz, Jr., for plaintiff.*
*G. T. Carswell and James F. Justice for defendant.*

DENNY, J.  We will not disturb the ruling of the trial judge on a motion to strike unless the appellant can show that the retention or deletion of the allegation or allegations complained of would prejudice the rights of such party. *Ledford v. Transportation Co.*, 237 N.C. 317, 74 S.E. 2d 653; *Hinson v. Britt*, 232 N.C. 379, 61 S.E. 2d 185. Certainly, the plaintiff will not be prejudiced by the allegation to the effect that the defendant has obtained a divorce since the execution of the separation agreement. It was clearly within the contemplation of the parties at the time the separation agreement was executed that their marriage might thereafter be dissolved in an action for divorce. *Howland v. Stitzer*, 240 N.C. 689, 84 S.E. 2d 167. But the contract does not purport to cancel the monthly payments for the support of the wife in the event a decree of divorce is granted dissolving the marriage, but only upon the date of the remarriage of the wife. Hence, the ruling on the plaintiff's motion to strike will not be disturbed.

As to the demurrer to the defendant's further answer and defense, we think it should have been sustained. We have uniformly held since our decision in *Archbell v. Archbell*, 158 N.C. 408, 74 S.E. 327, Ann. Cas. 1913D 261, that a deed of separation executed by husband and wife, is valid in this State when it is entered into for adequate reasons and is reasonable and fair to the wife and executed in accordance with our statutes. *Hoke, J.*, later *Chief Justice*, speaking for the Court in *Archbell v. Archbell, supra*, pointed out that in *Collins v. Collins*, 62 N.C. 153, the Court had held "that articles of separation between husband and wife, whether entered into before or after separation, were against law and public policy and therefore void." But in view of the changes in our statutes, *Justice Hoke* said: ". . . we are constrained to hold that public policy with us is no longer peremptory on this question . . . This change in our public policy, which has been not inaptly termed and held synonymous with the 'manifested will of the State,' . . . has been already recognized in several of our decisions, as in *Ellett v. Ellett*, 157 N.C. 161; *Smith v. King*, 107 N.C. 273; *Sparks v. Sparks*, 94 N.C. 527."

A separation agreement between husband and wife which meets the requirements of our decisions and is executed as required by law, will

not be held void as being against public policy because it provides for the support of the wife for life or until her remarriage.

### DEFENDANT'S APPEAL.

The defendant's exceptions to the order striking out the allegations heretofore discussed are without sufficient merit to be sustained, and are, therefore, overruled.

The assignment of error based on the defendant's exception to the overruling of his demurrer *ore tenus* to the plaintiff's complaint will not be sustained. An appeal does not lie from an order overruling a demurrer *ore tenus*. *Morgan v. Oil Co.*, 236 N.C. 615, 73 S.E. 2d 477, and cited cases.

On plaintiff's appeal: Modified and affirmed.
On defendant's appeal: Affirmed.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.