HILDA GENTRY McKNIGHT v. DON B. McKNIGHT

No. 7521DC13

(Filed 2 April 1975)

1. **Husband and Wife § 12— support provided in separation agreement — survival of right after absolute divorce**

    Where plaintiff and defendant entered into a separation agreement by the terms of which defendant was to make support payments to plaintiff, plaintiff thereby acquired a right arising out of contract, not one arising out of marriage, and such right survived the absolute divorce between the parties.

2. **Rules of Civil Procedure § 15— amendments — supplemental pleadings — distinction**

    The distinction between supplemental pleadings and amendments is that supplemental pleadings relate to occurrences, transactions and events which may have happened since the date of the pleadings sought to be supplemented, whereas amendments relate to occurrences, transactions and events that could have been, but for some reason were not, alleged in the pleadings sought to be amended. G.S. 1A-1, Rule 15.

3. **Husband and Wife § 11; Rules of Civil Procedure § 15— support provision of separation agreement — action to enforce — amendment of complaint proper**

    In an action by plaintiff to enforce the provisions for her support in a separation agreement entered into by the parties prior to their absolute divorce, the trial court did not err in allowing plaintiff to "amend" her complaint to include defendant's arrearages from the time plaintiff filed the action until the date of trial.

4. **Husband and Wife § 11— support provided in separation agreement — fairness not in question**

    In an action to recover support under the provisions of a separation agreement, the trial court's instruction that an officer of the court had examined into the facts and certified that the agreement was fair to both parties did not prejudice defendant.

5. **Husband and Wife § 11— separation agreement — no ambiguity — requested instruction properly denied**

    Where the trial court determined that a separation agreement between the parties was plain and unambiguous, the court did not err in failing to instruct the jury as requested that any ambiguities in the agreement would be resolved against the party drafting it.

McKnight v. McKnight

APPEAL by defendant from *Henderson, Judge.* Judgment entered 9 September 1974 in District Court, FORSYTH County. Heard in the Court of Appeals 13 March 1975.

This is a civil proceeding wherein the plaintiff, Hilda Gentry McKnight, divorced wife of the defendant, Don B. McKnight, seeks to enforce the provisions for her support in a separation agreement entered into between the parties prior to their absolute divorce.

The following facts are not controverted: Plaintiff and defendant were married on 31 January 1959 and on 17 January 1969 they entered into a separation agreement which contained, among other things, the following provisions:

"XX. The Husband agrees to pay to the Wife, as alimony, $25.00 on or before the 20th day of each September, October, November, December, January, February, March, April and May, and $25.00 on or before the 5th day of each September, October, November, December, January, February, March, April and May and $45.00 on or before the 20th day of each June, July and August and $45.00 on or before the 5th day of each June, July and August, with the first payment beginning January 20, 1969, and continuing until either the Husband or the Wife shall die or until the Wife shall have become remarried.

XXI. The Husband warrants that his present earned income is not in excess of $7,500.00 per year. The Husband agrees that with each $2,000.00 increase in his total income he shall increase his payments a total of $50.00 per month, divided equally between support for Bart Thomas McKnight and alimony for the Wife and paid as set out above, that is, on or before the 5th and 20th day of each month. In the event the Husband's income should increase and then decrease the payments shall be increased and then decreased according to the formula set out above, said payments to begin the year following the increase in income. The payments shall not be decreased below the payments set out in Paragraphs XIX and XX hereof.

In order to keep the Wife informed of any change in income the Husband agrees to furnish to the Wife, on or before January 31 of each year, beginning January 31, 1970, any and all W-2 forms and 1099 forms, or their equivalents, which he shall be entitled to for the previous year.

\*   \*   \*

XXV. Nothing herein contained shall be deemed to prevent either of the parties from maintaining a suit for absolute divorce against the other in any jurisdiction based upon any past or future conduct of the other nor to bar the other from defending any such suit. In the event any such action is instituted the parties shall continue to be bound by any applicable terms of this agreement."

On 19 January 1970, based upon one year's separation, the parties obtained an absolute divorce. Thereafter, on 8 January 1974, plaintiff filed this action alleging that the defendant was in arrears in his support payments under the terms of the separation agreement. Defendant filed answer admitting execution of the contract but pleaded the judgment of absolute divorce in bar of plaintiff's claim.

At the trial, plaintiff offered evidence tending to show that the defendant was $2,470.00 in arrears in his payments for the support of the plaintiff under the terms of the contract. This figure included payments for the first eight months of 1974. Defendant offered no evidence.

The following issues were submitted to and answered by the jury as indicated:

"I. Did the defendant breach the separation agreement made between the parties?

ANSWER: Yes.

II. If so, what amount, if any, is the plaintiff entitled to recover of the defendant?

ANSWER: $2,470.00."

From a judgment entered on the verdict, defendant appealed.

*Hamilton C. Horton, Jr., for plaintiff appellee.*

*Hall, Scales & Cleland by Roy G. Hall, Jr., for defendant appellant.*

HEDRICK, Judge.

[1] Assignments of error 1, 2, 4, 6 and 10 raise the question of whether plaintiff's claim under the provisions of the separa-

McKnight v. McKnight

tion agreement entered into on 17 January 1969 is barred by the judgment of absolute divorce entered on 19 January 1970.

G.S. 50-11(a) in pertinent part provides: "After a judgment of divorce from the bonds of matrimony, all rights arising out of the marriage shall cease and determine . . . . "

Defendant argues that since plaintiff's claim is based on a right arising out of the marriage it did not survive the judgment of absolute divorce because of the plain language of G.S. 50-11(a). The fallacy in defendant's argument is that plaintiff's claim is based on a right arising out of contract which survives a judgment of absolute divorce, see *Hamilton v. Hamilton*, 242 N.C. 715, 89 S.E. 2d 417 (1955); *Stanley v. Stanley*, 226 N.C. 129, 37 S.E. 2d 118 (1946); *Jenkins v. Jenkins*, 225 N.C. 681, 36 S.E. 2d 233 (1945); *Williford v. Williford*, 10 N.C. App. 451, 179 S.E. 2d 114 (1971); *Sebastian v. Kluttz*, 6 N.C. App. 201, 170 S.E. 2d 104 (1969); 2 Lee, North Carolina Family Law § 192, not a right arising out of the marriage which was terminated by the judgment of absolute divorce. These assignments of error are overruled.

By assignments of error 3, 8, and 9, defendant contends the trial court erred in allowing "evidence of defendant's alleged arrearages accruing after the action was filed and permitting plaintiff's eleventh-hour motion to amend the complaint . . . . "

G.S. 1A-1, Rule 15, Rules of Civil Procedure, in pertinent part, provides:

"(b) *Amendments to conform to the evidence.*—When issues not raised by the pleadings are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, either before or after judgment, but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues raised by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be served thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. * * * "

"(d) *Supplemental pleadings*.—Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which may have happened since the date of the pleading sought to be supplemented, whether or not the original pleading is defective in its statement of a claim for relief or defense."

**[2]** The distinction between supplemental pleadings and amendments is that supplemental pleadings relate to occurrences, transactions and events which may have happened since the date of the pleadings sought to be supplemented; whereas, amendments relate to occurrences, transactions and events that could have been, but for some reason were not, alleged in the pleadings sought to be amended. *Williams v. Freight Lines*, 10 N.C. App. 384, 179 S.E. 2d 319 (1971). Therefore, although designated as an "amendment", plaintiff's allegations with respect to the failure of the defendant to make his support payments from January 1974 to the date of trial was in effect a supplementary pleading. See *New Amsterdam Casualty Company v. Waller*, 323 F. 2d 20 (4th Cir. 1963) ; 3 Moore's Federal Practice § 15.16[1].

**[3]** In any event, since both motions to amend and motions to file supplemental pleadings are granted in the discretion of the trial judge, *Minnesota Min. & Mfg. Co. v. Superior Insulating Tape Co.*, 284 F. 2d 478 (8th Cir. 1960) ; *Galligan v. Smith*, 14 N.C. App. 220, 188 S.E. 2d 31 (1972) ; 3 Moore's Federal Practice § 15.16[3], we perceive no prejudice to the defendant in the court allowing the "motion to amend". Furthermore, since the amount of defendant's arrearage under the contract was an issue raised by the pleadings, since the amendment only served to bring the cause of action up to date, and since the amount of support the defendant was obligated to pay for the first eight months of 1974 was to be determined from defendant's income in 1973, it was not error for the trial judge either to permit the plaintiff to introduce evidence of defendant's arrearage between the date she filed this action, 8 January 1974, and the date of trial or to allow the plaintiff to "amend" her complaint to include the additional amount owed to her. These assignments of error are overruled.

**[4]** Next, defendant contends the court erred in instructing the jury that an officer of the court had examined into the facts

and certified that the separation agreement was fair to both parties. Under the pleadings and the evidence, the instruction challenged by this exception was, as characterized by the defendant, gratuitous. However, since the defendant admitted entering into the contract and neither the pleadings nor the evidence raised an issue as to whether the agreement was fair to either party, we do not perceive how the gratuitous and erroneous remarks of the judge could have prejudiced the defendant.

[5] Finally, defendant contends the court erred in not instructing the jury as requested that any ambiguities in the separation agreement would be resolved against the party drafting it. The requested instruction is a rule of construction bottomed on the premise that there is an ambiguity in the contract. *Windfield Corp. v. Inspection Co.*, 18 N.C. App. 168, 196 S.E. 2d 607 (1973). Where the contract is plain and unambiguous, the construction of the agreement is a matter of law for the court. *Yates v. Brown*, 275 N.C. 634, 170 S.E. 2d 477 (1969). The issues submitted to the jury obviously do not require any construction of the contract. The defendant did not request that additional issues be submitted to the jury or object to the issues submitted. It is clear from the issues submitted that the trial judge had already determined that the contract was plain and unambiguous and there would have been no reason for the judge to have given the requested instruction in any form. This assignment of error is overruled.

We find and hold that the trial in the district court was without prejudicial error.

No error.

Judges PARKER and CLARK concur.