GRETCHEN W. HAYNES v. H. TAYLOR HAYNES

No. 7926DC477

(Filed 4 March 1980)

**Divorce and Alimony § 20.1— consent judgment requiring support payments until death or remarriage—effect of divorce obtained by dependent spouse**

Where a consent judgment required defendant husband to make certain monthly support payments to plaintiff wife until her death or remarriage and provided that either party might apply for and obtain an uncontested absolute divorce at such time as was thereafter allowed by law, plaintiff wife's right to receive monthly support payments until her death or remarriage did not "arise out of the marriage" within the meaning of G.S. 50-11(a) but arose out of contract, and defendant husband's obligation to make the support payments thus

did not terminate when plaintiff wife initiated and obtained a divorce on the ground of separation for one year. This result is not affected by the fact that plaintiff wife's right to receive the support payments is provided in a judgment of court which may be enforceable by contempt.

APPEAL by defendant from *Brown, Judge*. Judgment signed 29 December 1978 in District Court, MECKLENBURG County. Heard in the Court of Appeals 14 November 1979.

This civil action was originally commenced in March 1976 by plaintiff-wife against defendant-husband for alimony, child custody, and child support. As grounds for the award of alimony plaintiff-wife alleged that defendant-husband had willfully failed to provide support for her and the minor children born of the marriage and that he had offered indignities to her person.

In bar of plaintiff's claim for alimony, defendant-husband alleged in his answer that on 21 November 1975 the parties had entered into a written "separation agreement and property settlement contract" which constituted a full and final settlement of all matters arising from the marital relationship except the custody of the minor children. He also alleged that, pursuant to that deed of separation, plaintiff-wife executed a deed in proper form with privy examination, conveying all her right, title and interest in the homeplace to him. In a counterclaim, defendant-husband sought custody of the minor children, and a declaration that the separation agreement was valid and binding. He prayed for an order directing plaintiff-wife to vacate the homeplace and to surrender possession of the personal property located therein and allocated to him by the separation agreement.

Plaintiff-wife replied, denying that the parties had entered into a binding separation agreement on 21 November 1975 in that the purported separation agreement and property settlement to which defendant-husband's pleadings referred was signed by her as the result of duress, misrepresentation, coercion, and fraud. She renewed her prayer for relief set forth in her complaint and further prayed that the alleged separation agreement and property settlement be declared null and void.

At the 28 June 1976 Civil Non-Jury Session of District Court in Mecklenburg County, Judge Fred A. Hicks signed a judgment which recited that "the parties, as evidenced by their signatures

and those of their counsel appearing hereafter, have resolved, compromised and settled all matters and things at issue herein and arising out of the marital relationship, and have waived trial by jury and have consented to the finding of the following stipulated facts by the court and the entry of the following conclusions of law and judgment." The judgment contained findings that plaintiff-wife and defendant-husband had married on 26 March 1964, but that they had not lived together as husband and wife since 21 November 1975, the date of the execution of the separation agreement. The following findings were also included in the consent judgment:

4. That on said date, the parties executed and entered into a certain separation agreement, and the plaintiff executed a certain deed, as alleged in the answer of the defendant; that the plaintiff contends and maintains that said instruments are invalid and unenforceable, and the defendant contends and maintains that the same are valid and enforceable in all respects; but that the parties have mutually agreed, in order to finally resolve all matters arising out of their marriage, to rescind said separation agreement upon the entry of this judgment and have agreed that, from henceforth, that their mutual rights and obligations shall be governed by the terms of this judgment.

\* \* \* \*

8. The court finds as a fact that the parties have agreed that either may apply for and obtain an absolute uncontested divorce at such time hereafter as is allowed by law.

9. The court finds as a fact that the parties have agreed to settle and resolve their respective property rights and other marital rights and obligations, as between themselves, under the terms and conditions and in the manner set forth hereinafter.

10. That the plaintiff is a dependent spouse within the meaning of General Statute 50-16.1(3) in that she is substantially in need of maintenance and support from the defendant.

11. That the defendant is a supporting spouse within the meaning of General Statute 50-16.1(4) in that he is the plain-

Haynes v. Haynes

tiff's husband and the person from whom the plaintiff, a dependent spouse, is substantially in need of maintenance and support, and the said defendant is able-bodied and gainfully employed and capable of providing said maintenance and support.

12. The plaintiff, who is a dependent spouse, is entitled to permanent alimony.

The court then made conclusions of law, in part, as follows:

3. That the parties have agreed to the provisions set forth hereinafter with regard to their property rights and other marital rights and obligations, and that the same should be adopted as the judgment of the court.

4. That the plaintiff is a dependent spouse within the meaning of General Statute 50-16.1(3) in that she is substantially in need of maintenance and support from the defendant.

5. That the defendant is a supporting spouse within the meaning of General Statute 50-16.1(4) in that he is the plaintiff's husband and the person from whom the plaintiff, a dependent spouse, is substantially in need of maintenance and support and the defendant is able-bodied and gainfully employed and capable of providing said maintenance and support.

Based on the stipulated findings of fact and the conclusions of law, defendant-husband was ordered to pay plaintiff-wife "as permanent alimony for her support and maintenance the sum of $350.00 per month and such payments shall continue until and terminate only upon the death or remarriage of the plaintiff," upon plaintiff-wife's relinquishment of any right which she might have to apply to the court in the future to increase the amount. By the consent of the parties the November 1975 separation agreement was declared rescinded with the exception of four paragraphs "where not inconsistent with the terms of this judgment."

In November 1976 plaintiff-wife brought an action in district court in Mecklenburg County seeking an absolute divorce on the ground of one-year's separation. Defendant-husband did not appear in the action. On 29 December 1976, judgment was entered

granting plaintiff-wife the relief sought. The judgment recited that the terms of the consent judgment in Case No. 76CVD1863 entered 28 June 1976 were incorporated by reference.

On 6 November 1978 defendant-husband filed a motion in the cause seeking a determination that he was no longer responsible for alimony payments on the ground that the divorce judgment obtained by plaintiff-wife terminated his marital obligation of support. Defendant-husband had previously successfully moved the court to reduce the amount of support. On 29 December 1978, an order was entered denying defendant-husband's motion. From that order, defendant-husband appeals.

*Bryant, Groves & Essex, P.A., by Alfred S. Bryant for plaintiff-appellee.*

*Bailey, Brackett & Brackett, P.A., by Scott T. Pollard for defendant-appellant.*

PARKER, Judge.

G.S. 50-11 provides in pertinent part:

Effects of absolute divorce. (a) After a judgment of divorce from the bonds of matrimony, all rights arising out of the marriage shall cease and determine except as hereinafter set out . . . .

\*    \*    \*

(c) Except in case of divorce obtained with personal service on the defendant spouse, either within or without the State, upon the grounds of the adultery of the dependent spouse and except in case of divorce obtained by the dependent spouse in an action initiated by such spouse on the ground of separation for the statutory period a decree of absolute divorce shall not impair or destroy the right of a spouse to receive alimony and other rights provided for such spouse under any judgment or decree of a court rendered before or at the time of the rendering of the judgment for absolute divorce.

One effect of G.S. 50-11(a) is to terminate the right of a dependent spouse to support upon divorce. However, G.S. 50-11(c) preserves

the dependent spouse's right to support where a judgment or decree for alimony was entered before or at the time of the rendering of the divorce judgment unless one of two specified events has occurred: (1) The supporting spouse has obtained a divorce with personal service on the grounds of adultery; or (2) the dependent spouse has both initiated and obtained a divorce on the ground of one year's separation. *See, McCarley v. McCarley,* 289 N.C. 109, 221 S.E. 2d 490 (1976). If either of these two events occurs, then G.S. 50-11(c) is inapplicable and the general rule of G.S. 50-11(a) governs.

In the present case plaintiff-wife brought an action against defendant-husband for absolute divorce on the ground of one year's separation and obtained the relief sought on 29 December 1976. Thus, G.S. 50-11(c) does not apply, and determination of the question whether defendant-husband remains liable for the monthly payments provided in the consent judgment of 28 June 1976 depends upon whether plaintiff-wife's rights to those payments "aris[e] out of the marriage" within the meaning of G.S. 50-11(a).

The consent judgment entered on 28 June 1976 which was signed by both parties and their counsel expressly rescinded an existing separation agreement (with the exception of certain paragraphs "not inconsistent with the terms of this Judgment") and recited that the provisions set forth with regard to their property rights and other marital rights and obligations were agreed to by the parties and "should be adopted as the judgment of the court." The portions of the consent judgment relevant to the question presented on this appeal are the provisions requiring defendant-husband to pay to plaintiff-wife the sum of $350.00 for her support and maintenance until her death or remarriage in consideration of plaintiff-wife's relinquishment of any right to apply to the court to increase the amount and the provision that either party might apply for and obtain an absolute uncontested divorce "at such time hereafter as is allowed by law."

Our courts have recognized the validity of a separation agreement by which the husband agrees to support his wife even after a decree of divorce has been entered which, under G.S. 50-11, would otherwise terminate his obligation. *Hamilton v. Hamilton,* 242 N.C. 715, 89 S.E. 2d 417 (1955); *McKnight v.*

*McKnight*, 25 N.C. App. 246, 212 S.E. 2d 902, *cert. denied*, 287 N.C. 466, 215 S.E. 2d 624 (1975). In such a case, the wife's right to continued support does not arise out of the marriage, but arises out of contract and survives the judgment of absolute divorce. Defendant-husband concedes that a separation agreement may so provide, but contends that where the agreement is embodied in a judgment, G.S. 50-11 automatically terminates the continued support obligation as a matter of law. We do not agree.

A consent judgment is the contract of the parties entered upon the records with the approval and sanction of a court of competent jurisdiction, and its provisions cannot be set aside without consent of the parties except for fraud or mistake. *Layton v. Layton*, 263 N.C. 453, 139 S.E. 2d 732 (1965); *Bland v. Bland*, 21 N.C. App. 192, 203 S.E. 2d 639 (1974). The judgment should be construed in the same manner as a contract to ascertain the intent of the parties. *Webster v. Webster*, 213 N.C. 135, 195 S.E. 362 (1938). "To do so, the entire agreement must be examined with an understanding of the result to be accomplished and the situation of the parties at the moment the contract is made." *Yount v. Lowe*, 288 N.C. 90, 96, 215 S.E. 2d 563, 567 (1975). In applying these principles to the present case it is apparent that in consenting to the judgment entered in June 1976, the parties intended a complete resolution of their respective rights and obligations. As part of that resolution they mutually agreed that either party could apply for and obtain an uncontested divorce and that plaintiff-wife's rights to payments for her support would cease *only* upon her death or remarriage. Reading these two provisions of the judgment together, we conclude that the parties intended that the payments would continue until the occurrence of one of the events, notwithstanding the provisions of G.S. 50-11. This case is distinguishable from those previously decided by this Court in which the supporting spouse's obligation of support provided for by consent judgment was held terminated by operation of law upon the occurrence of certain events. For example, in *Bland v. Bland, supra*, the consent judgment in question specifically stated that the husband was to pay support "until he is relieved therefrom by operation of law." This Court, applying the legal principle that the duty to support terminates upon the death of the supporting spouse, held that the husband's estate was not liable for further support payments, the rationale of the decision

being that the parties had so agreed. Here, however, the parties specified the contingencies which would terminate plaintiff-wife's rights to receive support payments. Insofar as the consent judgment in the present case imposed a duty of support on defendant-husband beyond that imposed by the common law or by statute, plaintiff-wife's rights did not arise out of the marriage, but out of contract, *see Merritt v. Merritt,* 237 N.C. 271, 74 S.E. 2d 529 (1953); *Feldman v. Feldman,* 236 N.C. 731, 73 S.E. 2d 865 (1953). Defendant-husband, by his signature, consented to the provision that either he or plaintiff-wife, might obtain a divorce "at such time hereafter as is allowed by law," and he may not justly contend now that plaintiff-wife, having done so, has forfeited her contractual right to continued payments.

We are, of course, aware of the decisions in which our Supreme Court has drawn a distinction between those consent judgments in which the court merely approves or sanctions the payments and those in which the court adjudicates the right to and the amount of payment, *Levitch v. Levitch,* 294 N.C. 437, 241 S.E. 2d 506 (1978); *Bunn v. Bunn,* 262 N.C. 67, 136 S.E. 2d 240 (1964), the former not being enforceable by contempt because they are pure contracts, but the latter being so enforceable because they are judgments. However, we do not consider that distinction determinative of the question whether defendant-husband's duty to make support payments to plaintiff-wife until her death or remarriage arises out of marriage or out of contract for the purposes of determining the effect of the divorce obtained by plaintiff-wife. A separation agreement not incorporated into a judgment may provide contractual rights to continued support, *Hamilton v. Hamilton, supra,* and those contractual rights to payments may be specifically enforced, *Moore v. Moore,* 297 N.C. 14, 252 S.E. 2d 735 (1979). The fact that a failure to comply with a decree for specific performance of the support provisions of a separation agreement might be punishable by contempt renders the separation agreement no less a contract of the parties. Similarly, the fact that a consent judgment incorporating an agreement of the husband to provide support may be enforceable by contempt proceedings renders it no less a contract. Thus, plaintiff-wife's right to receive monthly payments until her death or remarriage in the present case does not become a right "arising out of the marriage" within the meaning of G.S. 50-11 merely

because that right is provided in a judgment of court which may be enforceable by contempt. Because G.S. 50-11(a) only terminates those rights "arising out of the marriage," plaintiff-wife's initiating and obtaining a divorce on the grounds of one-year's separation had no effect upon her contractual right to receive support payments until her death or remarriage, and defendant-husband remains obligated until the occurrence of one of those events. The order of the trial court denying defendant-husband's motion to terminate his obligation to pay to the plaintiff permanent alimony is, therefore,

Affirmed.

Chief Judge MORRIS and Judge HILL concur.